FILED
JOHN P. HEHMAN
CLERK

13 FEB -6 PM 12: 47

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. |
| | : | **1:13CR- 016** |
| | : | INDICTMENT |
| | : | 18 U.S.C. § 2251(a) |
| v. | : | 18 U.S.C. § 2251(e) |
| | : | 18 U.S.C. § 2252(a)(1) |
| | : | 18 U.S.C. § 2252(a)(2) |
| | : | 18 U.S.C. § 2252(a)(4) |
| | : | 18 U.S.C. § 2252(b)(1) |
| | : | 18 U.S.C. § 2252(b)(2) |
| | : | 18 U.S.C. § 2253(a)(1) |
| JAMES O. NAPIER | : | 18 U.S.C. § 2253(a)(3) |
| | : | |
| | : | FORFEITURE |

**J. DLOTT**

THE GRAND JURY CHARGES THAT:

### Count 1

#### (Production of Child Pornography)

On or about November 6, 2009, in the Southern District of Ohio, the defendant, JAMES O. NAPIER, did employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was transported in interstate commerce or was produced using materials that had been mailed, shipped, and transported in interstate or foreign commerce: to wit, a video which depicts NAPIER fondling the genitals of an approximately 11 month old female infant, attempting to anally penetrate the child, and ejaculating on her buttocks, among other acts.

In violation of 18 U.S.C. §§ 2251(a) and 2251(e).

## Count 2

### (Production of Child Pornography)

On or about August 21, 2012, in the Southern District of Ohio, the defendant, JAMES O. NAPIER, did employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was transported in interstate commerce or was produced using materials that had been mailed, shipped, and transported in interstate or foreign commerce: to wit, a video which depicts NAPIER pulling aside the underwear of an approximately 9 year old female and spreading apart her genitals, exposing a close-up view of the girl's vagina.

In violation of 18 U.S.C. §§ 2251(a) and 2251(e).

## Count 3

### (Production of Child Pornography)

On or about September 12, 2012, in the Southern District of Ohio, the defendant, JAMES O. NAPIER, did employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was transported in interstate commerce or was produced using materials that had been mailed, shipped, and transported in interstate or foreign commerce: to wit, a video which depicts an approximately 9 year old female spreading her genitals, exposing her vagina to a camera operated by NAPIER.

In violation of 18 U.S.C. §§ 2251(a) and 2251(e).

### Count 4

### (Production of Child Pornography)

On or about September 15, 2012, in the Southern District of Ohio, the defendant, JAMES O. NAPIER, did employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was transported in interstate commerce or was produced using materials that had been mailed, shipped, and transported in interstate or foreign commerce: to wit, a video which depicts an approximately 9 year old female performing oral sex on NAPIER.

In violation of 18 U.S.C. §§ 2251(a) and 2251(e).

### Count 5

### (Production of Child Pornography)

On or about September 15, 2012, in the Southern District of Ohio, the defendant, JAMES O. NAPIER, did employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was transported in interstate commerce or was produced using materials that had been mailed, shipped, and transported in interstate or foreign commerce: to wit, a video which depicts NAPIER instructing an approximately 9 year old female to spread her genitals.

In violation of 18 U.S.C. §§ 2251(a) and 2251(e).

### Count 6

### (Production of Child Pornography)

On or about September 15, 2012, in the Southern District of Ohio, the defendant, JAMES O. NAPIER, did employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual

depiction was transported in interstate commerce or was produced using materials that had been mailed, shipped, and transported in interstate or foreign commerce: to wit, a video which depicts NAPIER penetrating an approximately 9 year old female from behind with his penis.

In violation of 18 U.S.C. §§ 2251(a) and 2251(e).

## Count 7

### (Production of Child Pornography)

On or about September 15, 2012, in the Southern District of Ohio, the defendant, JAMES O. NAPIER, did employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was transported in interstate commerce or was produced using materials that had been mailed, shipped, and transported in interstate or foreign commerce: to wit, a video which depicts NAPIER penetrating an approximately 9 year old female's vagina with his penis while the girl is laying on her back. NAPIER then attempts anal penetration of the girl with his penis.

In violation of 18 U.S.C. §§ 2251(a) and 2251(e).

## Count 8

### (Production of Child Pornography)

On or about September 15, 2012, in the Southern District of Ohio, the defendant, JAMES O. NAPIER, did employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was transported in interstate commerce or was produced using materials that had been mailed, shipped, and transported in interstate or foreign commerce: to wit, a video which depicts NAPIER attempting vaginal penetration of an approximately 9 year old female with his penis.

In violation of 18 U.S.C. §§ 2251(a) and 2251(e).

### Count 9

### (Production of Child Pornography)

On or about September 15, 2012, in the Southern District of Ohio, the defendant, JAMES O. NAPIER, did employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was transported in interstate commerce or was produced using materials that had been mailed, shipped, and transported in interstate or foreign commerce: to wit, a video which depicts NAPIER attempting vaginal penetration of an approximately 9 year old female with his penis.

In violation of 18 U.S.C. §§ 2251(a) and 2251(e).

### Count 10

### (Production of Child Pornography)

On or about September 15, 2012, in the Southern District of Ohio, the defendant, JAMES O. NAPIER, did employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was transported in interstate commerce or was produced using materials that had been mailed, shipped, and transported in interstate or foreign commerce: to wit, a video which depicts NAPIER ejaculating onto the naked vaginal area of an approximately 9 year old female.

In violation of 18 U.S.C. §§ 2251(a) and 2251(e).

### Count 11

### (Production of Child Pornography)

On or about September 18, 2012, in the Southern District of Ohio, the defendant, JAMES O. NAPIER, did employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual

depiction was transported in interstate commerce or was produced using materials that had been mailed, shipped, and transported in interstate or foreign commerce: to wit, a video which depicts an approximately 9 year old female performing oral sex on NAPIER.

In violation of 18 U.S.C. §§ 2251(a) and 2251(e).

## Count 12

### (Production of Child Pornography)

On or about September 18, 2012, in the Southern District of Ohio, the defendant, JAMES O. NAPIER, did employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was transported in interstate commerce or was produced using materials that had been mailed, shipped, and transported in interstate or foreign commerce: to wit, a video which depicts an approximately 9 year old female performing oral sex on NAPIER.

In violation of 18 U.S.C. §§ 2251(a) and 2251(e).

## Count 13

### (Production of Child Pornography)

On or about September 20, 2012, in the Southern District of Ohio, the defendant, JAMES O. NAPIER, did employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was transported in interstate commerce or was produced using materials that had been mailed, shipped, and transported in interstate or foreign commerce: to wit, a video which depicts NAPIER asking a female child her age, to which she responds "nine," and NAPIER instructing the child to lie down, lift her shirt and expose her vaginal area.

In violation of 18 U.S.C. §§ 2251(a) and 2251(e).

## Count 14

### (Production of Child Pornography)

On or about September 20, 2012, in the Southern District of Ohio, the defendant, JAMES O. NAPIER, did employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was transported in interstate commerce or was produced using materials that had been mailed, shipped, and transported in interstate or foreign commerce: to wit, a video which depicts NAPIER attempting to penetrate the anus of an approximately 9 year old female with his penis while she is laying on her stomach.

In violation of 18 U.S.C. §§ 2251(a) and 2251(e).

## Count 15

### (Production of Child Pornography)

On or about September 20, 2012, in the Southern District of Ohio, the defendant, JAMES O. NAPIER, did employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was transported in interstate commerce or was produced using materials that had been mailed, shipped, and transported in interstate or foreign commerce: to wit, a video which depicts NAPIER ejaculating onto the naked buttocks of an approximately 9 year old female.

In violation of 18 U.S.C. §§ 2251(a) and 2251(e).

## Count 16

### (Production of Child Pornography)

On or about September 20, 2012, in the Southern District of Ohio, the defendant, JAMES O. NAPIER, did employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was transported in interstate commerce or was produced using materials that had been mailed, shipped, and transported in interstate or foreign commerce: to wit, a video which depicts NAPIER attempting to penetrate the vagina of an approximately 9 year old female with his penis.

In violation of 18 U.S.C. §§ 2251(a) and 2251(e).

## Count 17

### (Production of Child Pornography)

On or about September 20, 2012, in the Southern District of Ohio, the defendant, JAMES O. NAPIER, did employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was transported in interstate commerce or was produced using materials that had been mailed, shipped, and transported in interstate or foreign commerce: to wit, a video which depicts an approximately 9 year old female performing oral sex on NAPIER.

In violation of 18 U.S.C. §§ 2251(a) and 2251(e).

## Count 18

### (Production of Child Pornography)

On or about November 24, 2012, in the Southern District of Ohio, the defendant, JAMES O. NAPIER, did employ, use, persuade, induce, entice, and coerce a minor to engage in sexually

explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was transported in interstate commerce or was produced using materials that had been mailed, shipped, and transported in interstate or foreign commerce: to wit, a video which depicts NAPIER penetrating the anus of an approximately 9 year old female with his penis.

In violation of 18 U.S.C. §§ 2251(a) and 2251(e).

## Count 19

### (Production of Child Pornography)

On or about November 29, 2012, in the Southern District of Ohio, the defendant, JAMES O. NAPIER, did employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was transported in interstate commerce or was produced using materials that had been mailed, shipped, and transported in interstate or foreign commerce: to wit, a video which depicts NAPIER asking an approximately 9 year old female how old she is prior to penetrating the anus of the girl with his penis.

In violation of 18 U.S.C. §§ 2251(a) and 2251(e).

## Count 20

### (Production of Child Pornography)

On or about November 30, 2012, in the Southern District of Ohio, the defendant, JAMES O. NAPIER, did employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was transported in interstate commerce or was produced using materials that had been mailed, shipped, and transported in interstate or foreign commerce: to wit, a video which depicts

NAPIER ejaculating onto the naked buttocks of an approximately 9 year old female after she was spreading her buttocks apart and exposing her anus.

In violation of 18 U.S.C. §§ 2251(a) and 2251(e).

### Count 21

### (Transportation of Child Pornography)

On or about September 18, 2010, in the Southern District of Ohio, the defendant, JAMES O. NAPIER, did knowingly transport and ship in interstate commerce by any means, including by a computer, any visual depiction, the production of which involved the use of a minor engaging in sexually explicit conduct and which visual depiction was of such conduct.

In violation of 18 U.S.C. §§2252(a)(1) and 2252(b)(1).

### Count 22

### (Distribution of Child Pornography)

On or about July 25, 2010, in the Southern District of Ohio, the defendant, JAMES O. NAPIER, knowingly distributed a visual depiction that had been mailed, or shipped or transported in interstate or foreign commerce, or which contained materials which had been mailed or so shipped or transported, by any means including by computer, the producing of such visual depiction having involved the use of a minor engaging in sexually explicit conduct and such depiction was of such conduct.

In violation of 18 U.S.C. §§2252(a)(2) and 2252(b)(1).

## Count 23

### (Receipt of Child Pornography)

On or about September 13, 2010, in the Southern District of Ohio, the defendant, JAMES O. NAPIER, knowingly received a visual depiction that had been mailed, or shipped or transported in interstate or foreign commerce, or which contained materials which had been mailed or so shipped or transported, by any means including by computer, the producing of such visual depiction having involved the use of a minor engaging in sexually explicit conduct and such depiction was of such conduct.

In violation of 18 U.S.C. §§2252(a)(2) and 2252(b)(1).

### Forfeiture

Upon conviction of an offense alleged in Counts 1 through 23 of this Indictment, the defendant shall forfeit to the United States the defendant's interest in:

1. All visual depictions, in any form, described in Title 18, United States Code, Sections 2251, 2251A or 2252, and any book, magazine, periodical, film, video tape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, Chapter 110;

2. All property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and;

3. All property, real or personal, used or intended to be used to commit or to promote the commission of such offense, to wit:

    a. HP Compaq Model dc5000MT, SN USW4330F05;

    b. HTC "Beats Audio" cellular telephone, MEID# A10000310F11BA;

    c. Cricket Model A410 cellular telephone, MEID# 268435459110730669;

      d.      Motorola cellular telephone, MEID# A00000155215558;

      e.      2GB micro-SD memory card; and

      f.      Cincinnati Bell SIM card, #89014200300008685643.

All pursuant to 18 U.S.C. §2253(a)(1) and (3).

                                                **A TRUE BILL.**

                                         *s/*

                                       **GRAND JURY FOREPERSON**

**CARTER M. STEWART**
**UNITED STATES ATTORNEY**

*[signature]*

**ANTHONY SPRINGER**
**CINCINNATI BRANCH CHIEF**