UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| vs. | : | Case No. 1:13CR016 |
| JAMES NAPIER, | : | Chief Judge Dlott |
| Defendant. | : | (Hearing Requested) |

**MOTION FOR SEVERANCE OF COUNTS 2-9 OF THE SUPERSEDING INDICTMENT**

Now comes the Defendant, James Napier, by and through counsel, and hereby moves the Court, pursuant to Rules 8(a) and 14 of the Federal Rules of Criminal Procedure, for an Order severing the trial of counts 2-9 of the superseding indictment.  The grounds for this Motion are contained in the attached Memorandum in Support.

Respectfully submitted,

*s/ Richard Smith-Monahan*
Richard Smith-Monahan (0065648)
First Assistant Federal Public Defender
250 E. 5th Street, Suite 350
Cincinnati, Ohio 45202
(513) 929-4834

Attorney for Defendant
James Napier

**Memorandum in Support**

Mr. Napier submits that counts 2-9 were not properly joined in the indictment with the remaining counts, and accordingly, counts 2-9 should be severed and tried before a separate jury. Further, Mr. Napier would suffer substantial prejudice to his defense if the counts were tried together. Thus, Mr. Napier requests a severance of counts 2-9.

As background, Mr. Napier was originally indicted by the federal grand jury on February 6, 2013 for 20 counts of production of child pornography (counts 1-20), one count of transportation of child pornography (count 21), one count of distribution of child pornography (count 22), and one count of receipt of child pornography (count 23). Count 1 involved the production of child pornography involving one victim on November 6, 2009, and counts 2-20 involved the production of child pornography involving a different victim three years later from August through November of 2012. Counts 21-23 involved the transportation, distribution, and receipt of child pornography in July and September 2010, and had no relation to the production of child pornography in counts 2-20 or the victim therein.

A superseding indictment was returned on October 2, 2013. The superseding indictment did not change the substance of the charges, but merely combined the production counts that were formerly charged in counts 2-20 into counts 2-9. Count 1 remained the same, and the counts that were formerly 21-23 became counts 10-12 in the superseding indictment.

Two provisions of the Federal Rules of Criminal Procedure deal with the issue of the joinder of charges in one indictment. First, Rule 8(a) provides: "The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Second, Rule 14

requires that, even if counts were properly joined under Rule 8(a), the counts may nonetheless be severed by a court if the defendant is prejudiced by the joinder. Each provision is addressed in turn below.

### I. Rule 8(a) – Improper Joinder

In the present case, counts 2-9 were not properly joined under Rule 8(a) in the superseding indictment. As noted above, count 1 of the indictment involves a different and significantly younger child victim than counts 2-9, and the offense in count 1 arose almost three years before the offenses in counts 2-9.

The facts of the present case are similar to a case from the Sixth Circuit wherein the court found joinder improper. In United States v. Chavis, 296 F.3d 450 (6th Cir. 2002), the defendant was charged with making false statements to a firearms dealer, and with possession of crack cocaine. The Sixth Circuit held that the district court erred in permitting joinder of the offenses because the court found that the offenses were not "connected together" temporally, by a common scheme or plan, or in terms of the evidence necessary to prove the two offenses. Id. at 458-60.[1] See also United States v. Hubbard, 61 F.3d 1261, 1271 (7th Cir. 1995)(same); United States v. Terry, 911 F.2d 272, 276 (9th Cir. 1990)(same). As such, the joinder of count 1 with counts 2-9 in Mr. Napier's case was improper.

### II. Rule 14 - Prejudicial Joinder

Even if joinder were proper, the Court should nonetheless sever counts 2-9 because Mr. Napier will be unduly prejudiced by the joinder. In order to prove prejudice in the joinder of offenses, a defendant must show that the joinder would "compromise a specific trial right or prevent the jury from making a reliable judgment about guilt or innocence." United States v.

---

[1] The court ultimately found the error harmless on appeal under Fed. R. Crim. P. 52(a) because the district court's error did not affect the defendant's substantial rights. Id. at 461-63.

Tran, 433 F.3d 472 (6th Cir. 2006)(citing Zafiro v. United States, 506 U.S. 534, 539 (1993)). See also United States v. Atchley, 474 F.3d 840, 853 (6th Cir. 2007)(defendant must show "undue prejudice"); United States v. Cody, 498 F.3d 582 (6th Cir. 2007)(same).

 Mr. Napier's defense of count 1 will be substantially and unduly prejudiced if the jury also hears evidence regarding counts 2-9. The charge in count 1 involves an alleged 11 month old victim who was video recorded in November 2009. The charges in counts 2-9 involve a separate and unrelated 9 year old victim who was video recorded in July and September of 2012. These separate and distinct offenses occurred at different locations almost three years apart. If the jury hears evidence of the production of child pornography from counts 2-9 during the trial of count 1, Mr. Napier would be unduly prejudiced because the evidence that he allegedly videotaped a second victim in an unrelated matter would be improperly considered by the jury as propensity evidence, thus making conviction related to both victims significantly more likely. Accordingly, Mr. Napier submits that the evidence related to the second and unrelated victim in counts 2-9 would prevent the jury from making a reliable determination of guilt or innocence in relation to count 1, and the counts should be severed.

 Wherefore, Mr. Napier respectfully requests that the Court sever the trial of counts 2-9 of the superseding indictment, and order a separate trial.

        Respectfully submitted,

        *s/ Richard Smith-Monahan*
        Richard Smith-Monahan (0065648)
        First Assistant Federal Public Defender
        250 E. 5th Street, Suite 350
        Cincinnati, Ohio 45202
        (513) 929-4834

        Attorney for Defendant
        James Napier

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was served upon Christy Muncy, Assistant United States Attorney, via Electronic Case Filing, on this 11th day of October, 2013.

                                        *s/ Richard Smith-Monahan*
                                        Richard Smith-Monahan