# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 1:13-cr-16 |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | Chief Judge Susan J. Dlott |
| JAMES NAPIER, | : | |
| *Defendant*. | : | |

### RESPONSE OF THE UNITED STATES TO NAPIER'S MOTION FOR SEVERANCE OF COUNTS 2–9 OF THE SUPERSEDING INDICTMENT

The United States respectfully submits this response to James Napier's motion for severance of Counts 2–9 of the superseding indictment (doc. #51). Napier argues that joinder of these offense with Count 1 was improper and that severance is appropriate. Both contentions lack merit. Therefore, the Court should deny the motion.

1. <u>Joinder was proper.</u>

Joinder of multiple offenses in a single indictment is proper "if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Count 1 in this case charges the production of child pornography on or about one date. Counts 2–9 charge the production of child pornography on or about other dates. These offenses charged are clearly of the same or similar character. *See, e.g., United States v. Tran*, 433 F.3d 472, 477–78 (6th Cir. 2006) (two arson offenses); *United States v. Archer*, 843 F.2d 1019, 1021 (7th Cir. 1988) ("[B]oth counts charge Archer with possessing prohibited objects with the intent to facilitate an escape from prison. The elements to be proved in each case

were the same. This similarity supports the district court's decision of joinder."). Indeed, even if the counts were not (as they are here) the same offense, they all involve the sexual exploitation of children, which is itself sufficient similarity of offense character. *See, e.g., United States v. Rivera*, 546 F.3d 245, 253–54 (2d Cir. 2008).

Napier advances no serious argument to the contrary. Instead, he claims that this case is like one in which an indictment joined a drug offense to an unrelated weapons offense. Here, in contrast, the joined counts both involve the sexual exploitation of children—and are indeed the same offense, though on different dates. Napier's analogy to *United States v. Chavis*, 296 F.3d 450 (6th Cir. 2002), is therefore inapt.

2. <u>Severance is inappropriate.</u>

Rule 14(a) of the Federal Rules of Criminal Procedure permits severance if "the joinder of offenses or defendants in an indictment…appears to prejudice a defendant." Napier's only argument in this regard is a broad assertion that "[i]f the jury hears evidence of the production of child pornography from counts 2–9 during the trial of count 1, Mr. Napier would be unduly prejudiced because the evidence that he allegedly videotaped a second victim in an unrelated matter would be improperly considered by the jury as propensity evidence, thus making conviction related to both victims significantly more likely." (Doc. #51 at 4.)

This argument is meritless. First, such a "conclusory statement that the joinder of the counts 'affected' the jury's ability to render a fair and impartial verdict does not suffice to show substantial prejudice." *Tran*, 433 F.3d at 478. Napier's jury (like any jury) should be able to follow standard instructions to consider the evidence for each count separately. Second, Napier's argument assumes that propensity evidence would be inadmissible in the separate trials that he seeks. That assumption is incorrect. Fed. R. Evid. 414; *United States v. Sanchez*, 440 Fed. Appx.

2

436, 438–40 (6th Cir. 2011); *United States v. Reynolds*, 720 F.3d 665, 670–71 (8th Cir. 2013).[1] Moreover, the United States anticipates that trial will include substantial evidence that will be relevant to all of the counts, including, for example, evidence regarding computer forensics. Trial of the counts together will thus further the interest in efficient use of resources.

*Conclusion*

       The Court should deny Napier's motion for an order severing the trial of counts 2–9 of the superseding indictment.

Respectfully submitted,

CARTER M. STEWART
United States Attorney


s/Benjamin C. Glassman
CHRISTY L. MUNCY (KY 88236)
BENJAMIN C. GLASSMAN (0077466)
Assistant United States Attorneys
221 East Fourth Street
Suite 400
Cincinnati, Ohio 45202
(513)684-3711
Fax: (513)684-6385
Benjamin.Glassman@usdoj.gov

---

[1] The United States certainly would seek to introduce evidence under Rule 414 in the event of separate trials.

3

<u>Certificate of Service</u>

I certify that I filed this Response in Opposition to Napier's Motion for Severance of Counts 2–9 of the Superseding Indictment with the Court's CM/ECF system this 25th day of October, 2013, which provides electronic service to counsel for Napier, Richard Smith-Monahan.

s/Benjamin C. Glassman<br>
BENJAMIN C. GLASSMAN (0077466)<br>
Assistant United States Attorney