UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA : | No. 1:13-cr-16 |
| *Plaintiff*, : | |
| : | |
| v. : | |
| : | Chief Judge Susan J. Dlott |
| JAMES NAPIER, : | |
| *Defendant*. : | |

RESPONSE OF THE UNITED STATES TO NAPIER'S MOTION TO DISMISS
COUNTS 1–9 OF THE SUPERSEDING INDICTMENT

The United States respectfully submits this response to James Napier's motion to dismiss Counts 1–9 of the superseding indictment (doc. #53). Napier argues that the statute is "facially" beyond the power of Congress under the Commerce Clause and that it is unconstitutionally vague and overbroad. Both contentions lack merit. Therefore, the Court should deny the motion.

1. Congress validly enacted 18 U.S.C. § 2251 under the authority of the Commerce Clause.

It is well settled that "Congress has the ability to regulate wholly intrastate manufacture and possession of child pornography, regardless of whether it was made or possessed for commercial purposes, that it rationally believes, if left unregulated in the aggregate, could work to undermine Congress's ability to regulate the larger interstate commercial activity." *United States v. Rose*, 714 F.3d 362, 370 (6th Cir.), *cert. denied*, 2013 WL 3735908 (U.S. Oct. 7, 2013). Nothing about *National Federation of Independent Business v. Sebelius*, 132 S. Ct. 2566 (2012), changes that; as the Sixth Circuit explained in *Rose*: "The statute at issue in this case, 18 U.S.C. § 2251, does not force into commerce individuals who have refrained from commercial activity. Rose is not a passive bystander being forced into commerce, but he is actively engaged in an

economic class of activities that has traditionally been regulated by Congress pursuant to its powers under the Commerce Clause. Rose's expansive reading of *Sebelius* to include stripping Congress of its authority to regulate the intrastate manufacture and possession of child pornography is inaccurate." 714 F.3d at 371.

Napier nevertheless urges that § 2251 is not a valid exercise of Congress's authority under the Commerce Clause and argues that precedent does not foreclose the claim because his is a facial, rather than as-applied, challenge. He then hypothesizes some set of facts, not those of his own case, that, in his view, Congress could not criminalize because they are too attenuated from a connection to interstate commerce.

This argument gets the distinction between facial and as-applied challenges exactly backwards. "A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). That a statute "might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid, since we have not recognized an 'overbreadth' doctrine outside the limited context of the First Amendment." *Id.* Therefore, even if Napier could hypothesize some set of facts that are beyond the reach of Congress to criminalize via its Commerce Clause power,[1] that does not amount to an argument for the facial invalidity of the statute.

---

[1] Napier's hypothetical circumstances, if they existed in fact in some other defendant's case and that defendant raised an as-applied challenge, do not show a Commerce Clause problem, in any event. Congress's power to regulate the production of child pornography does not depend on the timing of a connection to commerce in a particular case. (The defendant in *Rose* had not transported the images he produced.) Napier's citation to cases construing 18 U.S.C. § 848(e) is entirely inapposite. Yes, there might be Commerce Clause problems with prohibiting murders that just happen to take place during a criminal enterprise or drug offense but are not otherwise connected to it; there is simply no analogy to that issue in the context of producing child pornography.

2. <u>The statute is neither vague nor susceptible to an overbreadth challenge.</u>

Napier's vagueness challenge lacks merit. A person of reasonable intelligence could understand that it proscribes the production of child pornography.

Napier asserts that no reasonable person "could predict how, or when, this statute could be violated because it is predicated on prophesied future transportation of the images which may be outside the defendant's control, knowledge, or intention." (Doc. #53 at 8.) That is not an argument about vagueness as it does not concern understanding of that which is proscribed. Napier cites no authority, and there is none, in support of the proposition that a statute is unconstitutionally vague (or is in any other way constitutionally defective) if a defendant who engages in conduct satisfying one element of the statute does not, at that time, know when facts establishing the other elements will be completed.

Nor is the statute unconstitutionally overbroad. The overbreadth doctrine exists only in the context of the First Amendment. *Salerno*, 481 U.S. at 745. Because Napier does not have a First Amendment right to produce child pornography, his argument that 18 U.S.C. § 2251 is overbroad fails. *United States v. Hart*, 635 F.3d 850, 858 (6th Cir. 2011), *cert. denied*, 132 S. Ct. 1001 (2012).

*Conclusion*

      The Court should deny Napier's motion to dismiss Counts 1–9 of the superseding indictment.

      Respectfully submitted,

      CARTER M. STEWART
      United States Attorney


      s/Benjamin C. Glassman
      CHRISTY L. MUNCY (KY 88236)
      BENJAMIN C. GLASSMAN (0077466)
      Assistant United States Attorneys
      221 East Fourth Street
      Suite 400
      Cincinnati, Ohio 45202
      (513)684-3711
      Fax: (513)684-6385
      Benjamin.Glassman@usdoj.gov

Certificate of Service

I certify that I filed this Response in Opposition to Napier's Motion to Dismiss Counts 1–9 of the Superseding Indictment with the Court's CM/ECF system this 25th day of October, 2013, which provides electronic service to counsel for Napier, Richard Smith-Monahan.

                                              s/Benjamin C. Glassman
                                              BENJAMIN C. GLASSMAN (0077466)
                                              Assistant United States Attorney