UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 1:13-cr-16 |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | Chief Judge Susan J. Dlott |
| JAMES NAPIER, | : | |
| *Defendant*. | : | |

RESPONSE OF THE UNITED STATES TO NAPIER'S
MOTION TO DISMISS INDICTMENT

The United States respectfully submits this response to James Napier's motion to dismiss the indictment (doc. #54). Napier claims that dismissal of the indictment is warranted, under either the Fifth or Sixth Amendment, because the site of his pretrial detention was moved on February 6 and Cincinnati police detectives interviewed him while he was housed in Hamilton County. Assuming for purposes of this responsive memorandum the truth of the factual allegations set forth in Part I of Napier's motion, those circumstances do not warrant the relief that he seeks under any theory. The motion should therefore be denied.

1. Fifth Amendment

The Supreme Court reversed a conviction in *Rochin v. California*, 342 U.S. 165 (1952), where the key evidence had been acquired by "[i]llegally breaking into the privacy of the petitioner," a "struggle to open his mouth and remove what was there," and then "the forcible extraction of his stomach's contents." *Id.* at 172. The Court reasoned that the Due Process Clause prohibited conviction where the police had used "force so brutal and so offensive to human dignity in securing evidence from a suspect as is revealed by this record." *Id.* at 174. As an initial

1

matter, when *Rochin* was decided in 1952, the Supreme Court had not yet interpreted the Fourteenth Amendment to incorporate against the states the guarantees of the Fourth Amendment. The Supreme Court has since made clear that the same issue would now be analyzed under the Fourth Amendment. *County of Sacramento v. Lewis*, 523 U.S. 833, 849 n.9 (1998). Napier does not cite, and the United States has not located, any post-incorporation Supreme Court or circuit court opinion that sanctions the dismissal of an indictment for a generalized shocks-the-conscience type of due process claim. The existence of such a claim is doubtful.

Assuming that such a claim exists, moreover, the circumstances of which Napier complains do not come close to establishing it. His complaint is apparently that an Assistant United States Attorney facilitated the decision of the United States Marshals Service to house Napier at the Hamilton County Justice Center, and that Cincinnati police officers (unrelated to the federal prosecution team) thereupon interviewed him. What is the supposed misconduct by the United States under these circumstances is far from clear.[1] The only constitutional right that Napier even mentions in his discussion of due process is an assertion that he suffered "a willful and egregious violation of *Miranda* and the Sixth Amendment" (doc. #54 at 9), but the remedy for violation of *Miranda* and the Sixth Amendment is suppression of the statements unlawfully obtained from the prosecution's case in chief. Napier has filed no motion to suppress. Nor does he claim (and obviously could not claim, given the chronology) that his indictment is founded on evidence obtained on February 6, 2013. Therefore, the circumstances at issue here do not amount

---

[1] The course seems reasonable as a matter of public safety. Both the Court and the grand jury had already found probable cause to believe that Napier had produced child pornography. Napier, however, had access to more children than merely the two identified victims. Enabling local law enforcement to investigate whether other child victims remained in the community—unidentified and untreated—is not something to be frowned on.

2

to obtaining key evidence by brutal force that offends human dignity, and dismissal is not an appropriate remedy in any event.

   2. Sixth Amendment

Napier also seeks dismissal of the indictment based on a contention that his Sixth Amendment right to counsel was violated when Cincinnati police interviewed him outside the presence, and without the prior approval, of the attorney who had been appointed to represent him in federal proceedings. This request for dismissal lacks merit.

First, dismissal of the indictment is not an appropriate remedy for the violation that Napier claims. The rule is, instead, that "once formal criminal proceedings begin, the Sixth Amendment renders inadmissible in the prosecution's case in chief statements 'deliberately elicited' from a defendant without an express waiver of the right to counsel." *Michigan v. Harvey*, 494 U.S. 344, 348 (1990). Napier cites *United States v. Morrison*, 449 U.S. 361 (1981), and *United States v. Clark*, 319 Fed. Appx. 395 (6th Cir. 2009), for the proposition that "the Supreme Court and Sixth Circuit have both held that a dismissal may be warranted not only where prejudice actually ensues, but also where there is a 'substantial threat' of prejudice." (Doc. #54 at 11.) He is mistaken. What *Morrison* actually held was that "absent demonstrable prejudice, or substantial threat thereof, dismissal of the indictment is plainly inappropriate, even though the violation may have been deliberate." 449 U.S. at 365. That is not the same thing as holding that dismissal is appropriate where there is the substantial threat of demonstrable prejudice. To the contrary, the Supreme Court in *Morrison* explained that the "remedy in the criminal proceeding is limited to denying the prosecution the fruits of its transgression." 449 U.S. at 365, 366. Napier has not cited, and the United States has not found, any authority

3

supporting the pretrial dismissal of an indictment as a sanction for violation of the right to counsel of the sort Napier claims.

Second, even if Napier's erroneous understanding of the grounds for dismissal were correct, his argument about what counts as a "substantial threat" of prejudice could not be correct. According to Napier, the "threat of prejudice is present" in his case in that the alleged Sixth Amendment violation happened while witnesses were being interviewed and forensic analyses were still being conducted and because the United States has not forsworn the use of Napier's statements at trial in matters other than its case in chief. But to say that witnesses were being interviewed and forensic analyses were underway is not effectively different than saying that the alleged violation was pretrial. If that counted as a threat of prejudice, it would be present in virtually every case where such a violation occurs. Yet there is no such case. As for the possible use of Napier's statements at trial other than in the government's case in chief, that could not possibly count as a threat of substantial prejudice, either, because statements obtained in violation of the Sixth Amendment (or *Miranda*), while not admissible in the government's case in chief, are admissible for impeachment purposes. *Harvey*, 494 U.S. at 350–51.

Finally, Napier is incorrect in asserting, without analysis, that he has suffered a clear violation of his Sixth Amendment rights. The Sixth Amendment right to counsel is offense specific. *McNeil v. Wisconsin*, 501 U.S. 171, 175 (1991); *United States v. Cope*, 312 F.3d 757, 772 (6th Cir. 2002). At the time of his interview with Cincinnati police, Napier's right to counsel had attached only with respect to the child-pornography-production charges with which he had been indicted.[2] The Sixth Amendment does not prohibit the police from eliciting "a defendant's

---

[2] Napier's lawyer writes in the motion that Napier "was, in fact, represented by undersigned counsel at the time the two Cincinnati Police Detectives met with him." (Doc. #54 at 4.) That statement is true, so far as it goes, but incomplete. Napier was in fact represented by the Federal

4

statements regarding offenses for which he had not been charged…notwithstanding the attachment of his Sixth Amendment right to counsel on other charged offenses." *Texas v. Cobb*, 532 U.S. 162, 168 (2001). The circumstances Napier's motion describes do not appear to be a violation of the Sixth Amendment right to counsel at all—much less the "clear violation" that he claims.

*Conclusion*

The Court should deny Napier's motion to dismiss the indictment.

Respectfully submitted,

CARTER M. STEWART
United States Attorney

s/Benjamin C. Glassman
CHRISTY L. MUNCY (KY 88236)
BENJAMIN C. GLASSMAN (0077466)
Assistant United States Attorneys
221 East Fourth Street
Suite 400
Cincinnati, Ohio 45202
(513)684-3711
Fax: (513)684-6385
Benjamin.Glassman@usdoj.gov

---

Public Defender's Office as to the federal crimes with which Napier had been charged; Napier was not, however, represented by the Federal Public Defender's Office as to all other offenses that he may have committed.

5

<u>Certificate of Service</u>

I certify that I filed this Response in Opposition to Napier's Motion to Dismiss the Indictment with the Court's CM/ECF system this 25th day of October, 2013, which provides electronic service to counsel for Napier, Richard Smith-Monahan.

s/Benjamin C. Glassman<br>
BENJAMIN C. GLASSMAN (0077466)<br>
Assistant United States Attorney