**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| vs. | : | Case No. 1:13CR016 |
| JAMES NAPIER, | : | Chief Judge Dlott |
| Defendant. | : | |

**REPLY TO GOVERNMENT'S RESPONSE**

Now comes the Defendant and hereby submits his reply to the government's response.

**Gov. Rsp. p. 4** - The government asserted that the Court should not rely on "hearsay assertions in a Cincinnati police investigative report." The government cited no law for this proposition, nor is there any that supports this argument. The Federal Rules of Evidence do not apply to a pretrial motion hearing, hearsay is admissible, and the document was properly admitted during the course of the hearing. There is no legal reason that this document may not be considered. Moreover, the government has never offered the Court any alternative version of the facts from what is contained in the report, either at the hearing for this purpose or in writing. It is preposterous that the government takes issue with the defense for not presenting additional evidence from what was in the police report when the government has never actually denied the factual allegations or offered another version of events. Under these circumstances, the Court should accept the evidence introduced by the defense as fact.

**Gov. Rsp. pp. 4-5** – The government asserted that "an Assistant United States Attorney has neither the authority nor the power to initiate investigations by local police into state crimes." The facts of the case belie this point because, as Defendant's Exhibits 1A and B demonstrate, the

AUSA was the complainant on the CPD investigative report.  Moreover, this very fact was redacted before the report was turned over to the defense.  In short, this AUSA did, in fact, initiate the investigation with CPD – the final, (third) unredacted, version of the report makes this fact crystal clear.

**Gov. Rsp. p. 5** – The government alleged, "Nor is it fair for Napier to argue from facts that are the representations of his counsel about factual allegations concerning the litigation history of the case.  On page 9 of his post-hearing brief, Napier includes multiple factual assertions that appear to be, in effect, the testimony of his Assistant Federal Public Defender."  The assertion at page 9 of Mr. Napier's brief was in direct response to the government's choice to introduce email correspondence between the parties which gave a very limited perspective of the course of events regarding the government's redaction of documents.  The conversation between the attorneys referenced at page 9 of Mr. Napier's brief did, in fact, occur.  The government stopped short of saying the conversation did not occur, and wisely so.  Likewise, the government has not presented a different version of the facts.  Instead of taking issue with procedure, a more forthright approach for the government would perhaps be to acknowledge the truth of facts that should not be in dispute.

**Gov. Rsp. p. 5** – The government asserted that "Napier's Assistant Federal Public Defender was aware in February 2013 that Assistant United States Attorney Muncy had requested the transfer of Napier, that she had acknowledged to him in February 2013 that she requested transfer, and that she had provided counsel with a report that included information on why the transfer was requested."  Due to the very vague nature of this statement, clarification is in order.

Counsel for Mr. Napier became aware that the government requested transfer of Mr. Napier to the HCJC **after** the fact.  This notification that the AUSA had directed the transfer came from

the USMS, upon investigation by counsel. The AUSA only "acknowledged" that she requested the transfer **after** the AUSA found out that counsel for Mr. Napier had investigated the matter and that counsel had already learned from the USMS that she had directed the transfer, as referenced above. This "acknowledgement" by the AUSA occurred during the February 22, 2013 phone conversation between defense counsel and the AUSA – ironically, this is the same conversation that the government disputed, as referenced above, on page 5 of its response. Just five days after this conversation, the AUSA provided the inexplicably redacted CPD report to the defense. (Def. Ex. 1).

**Gov. Rsp. p. 6** – The government asserted that "Napier fails to elaborate any theory for his entitlement to any of the contents of that report other than his own statements." This assertion, while a significant distraction from the issue of the government's redactions, actually goes to the heart of a matter that has come before this Court previously. In <u>United States v. Anthony Smith</u>, 1:10CR103-SJD, the defense issued a subpoena to a local police department for its investigative report related to the state's investigation of the defendant. The United States Attorney's Office and the Federal Public Defender's Office, including supervisors from both offices, had a formal meeting with this Court to discuss the matter. The United States Attorney's Office assured this Court that subpoenas by the Federal Public Defender's Office to local police departments were not necessary because the government would obtain and turn over these reports to the defense, or provide them to the Court for *in camera* review if the government believed that the reports contained information that was not proper for disclosure.

In reliance on this agreement, the Federal Public Defender's Office has been getting local police records through the United States Attorney's Office and the discovery process, in lieu of issuing subpoenas. The Defender office believed that accurate records were being disclosed by

3

the government.  The procedure followed in Mr. Napier's case related to redactions has put this practice into question.  It is now even more concerning that the government, when the issue of redactions has come to light, has suggested in its response that the defense had no right to the local police report in the first place.  The government's suggestion runs contrary to its own agreement with the Court and Federal Public Defender's Office regarding records of this sort.

In the end, the government still has never directly acknowledged to this Court its role in transferring Mr. Napier to the HCJC for him to be interrogated, nor explained why it would do so knowing that Mr. Napier had counsel at the time.  Moreover, the government continues to indicate that it may use the evidence obtained as a result of the Sixth Amendment violation in this case.  If the government's actions are permitted to stand, and defendants may hereafter be interrogated about the same conduct charged in a federal indictment through the simple mechanism of a government orchestrated transfer to a separate jail and the involvement of different law enforcement officers, the Sixth Amendment right to counsel in this Court has little meaning.

Wherefore, Mr. Napier respectfully submits that his motion to dismiss should be granted.

>Respectfully submitted,
>
>*s/ Richard Smith-Monahan*
>Richard Smith-Monahan (0065648)
>First Assistant Federal Public Defender
>250 E. 5th Street, Suite 350
>Cincinnati, Ohio 45202
>(513) 929-4834
>Attorney for Defendant, James Napier

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon Christy Muncy, Assistant United States Attorney, via Electronic Case Filing, on this 13th day of December, 2013.

>*s/ Richard Smith-Monahan*
>Richard Smith-Monahan