# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

                Plaintiff,      :       Case No. 1:13-cr-016
                                                  Civil Case No. 1:16-cv-569

                                                  District Judge Susan J. Dlott
  - vs -                                      Magistrate Judge Michael R. Merz

JAMES O. NAPIER,

                Defendant.      :

## REPORT AND RECOMMENDATIONS

This criminal case is before the Court on Defendant's Motion to Vacate Sentence under 28 U.S.C. § 2255 (ECF No. 124). On the Court's Order (ECF No. 126), the Government has filed an Answer (Captioned "Response," ECF No. 132) and Defendant has filed a Reply (ECF No. 137). The § 2255 Motion has been referred to the undersigned for recommendation by District Judge Dlott (ECF No. 125).

Defendant pleads the following Grounds for Relief:

    **Ground One:** Batson Challenge: Striking of Juror 56

    **Supporting Facts:** Defendant objected to and argued at the time of jury selection that the prosecution did not have cause to strike the only African-American juror and that the strike was bias based.

    **Ground Two:** Prosecutorial Misconduct Under *Brady* and *Giglio*

1

**Supporting Facts:** During the trial the witnesses gave conflicting testimony and the government attorney made no attempt to clarify said testimony knowing the testimony was incorrect prior to trial and during trial, the government violated several of the defendant's due process rights which severely prejudiced the defendant requiring a re-trial.

**Ground Three:** Ineffective Assistance of Counsel on Direct Appeal

**Supporting Facts:** Trial attorney preserved at trial several issues that should have been taken up in Direct Appeal, including the issues contained herein, on Direct Appeal, however, Appellate Counsel did not bring those issues, including the issues contained herein, on Direct Appeal.

**Ground Four:** Clear and/or Plain Error – Abuse of Discretion

**Supporting Facts:** When the court determined that the government violated the law and the Due Process Rights of the defendant, the court should have declared a mistrial as opposed to mere suppression of evidence of the unlawfully gained evidence.

**Ground Five:** Violation of right to confrontation

**Supporting Facts:** The Petitioner's right to confront and cross examine the individual responsible for the hearsay evidence found on an alleged manufacture label declaring a point of origin of the product the government claimed was used in the commission of a crime and not merely a statutory admonishment.

(Motion, ECF No. 124.)

**Procedural History**

Defendant James Napier was indicted by the grand jury for this District on February 6, 2013, and charged with production of child pornography (Counts 1-20), transportation of child

pornography (Count 21), distribution of child pornography (Count 22), and receipt of child pornography (Count 23)(Indictment, ECF No. 14). In a Superseding Indictment returned October 2, 2013, Defendant was charged with nine counts of production of child pornography (Counts 1-9), one count of transportation of child pornography (Count 10), one count of distribution of child pornography (Count 11), and one count of receipt of child pornography (Count 12)(Superseding Indictment, ECF No. 45). The case was tried to a jury commencing January 13, 2014 (Minutes, ECF No. 81). On January 16, 2014, the jury returned guilty verdicts on all counts (ECF No. 85). On May 13, 2014, having considered the Presentence Investigation Report ("PSR") from the Probation Department, Judge Dlott sentenced Mr. Napier to 2,880 months imprisonment (20 years on each count, all to run consecutively)(ECF No. 99). The Sixth Circuit affirmed the convictions and sentence. *United States v. Napier*, 787 F.3d 333 (6th Cir. 2015). Mr. Napier did not seek review in the Supreme Court, but filed his § 2255 Motion here on May 19, 2016.[1]

**Ground One: Racial Discrimination in Jury Selection**

In his First Ground for Relief, Mr. Napier asserts he was deprived of his constitutional rights by the striking of an African-American venire member. He relies on *Batson v. Kentucky*, 476 U.S. 79 (1986), which prohibits race-based peremptory challenges by a prosecutor.

---

[1] Although the Clerk did not receive and docket the Motion until May 23, 2016, Napier is entitled to a filing date of May 19, 2016, the date he signed the Motion and presumably delivered it to prison authorities for mailing. An incarcerated person "files" a notice of appeal when he or she deposits it with prison authorities for forwarding to the Clerk. *Houston v. Lack*, 487 U.S. 266 (1988); *Cook v. Stegall,* 295 F.3d 517, 521 (6th Cir. 2002). The same rule applies to filing a petition for writ of habeas corpus or § 2255 motion to avoid the statute of limitations. *Towns v. United States*, 190 F.3d 468 (6th Cir. 1999). The United States concedes the Motion was timely filed (Response, ECF No. 132, PageID 2208).

A trial court must use a three-step process to evaluate a *Batson* claim. First, the opponent must make a prima facie showing that the proponent of the strike has exercised a peremptory challenge on the basis of race. The burden then shifts to the proponent to articulate a race-neutral reason for the challenge. Finally, the trial court must determine if the opponent has carried his burden of proving purposeful discrimination. *Purkett v. Elem*, 514 U.S. 765 (1995); *Hernandez v. New York*, 500 U.S. 352 (1991). To make a prima facie showing, a defendant must show that he is a member of a cognizable racial group, that a challenge has been exercised to remove a venireperson of the same race, and any additional facts and circumstances from which an inference could be drawn that the prosecutor had used the peremptory challenge in a race-based manner. *Batson*, 476 U.S. at 79. The defendant is entitled to rely on the fact that the peremptory challenge process is one in which those who are of a mind to discriminate on the basis of race are able to do so. *Id*. A trial judge's conclusion that the challenge was race-neutral must be upheld unless it is clearly erroneous. *Hernandez*; *supra*; *United States v. Tucker*, 90 F.3d 1135, 1142 (6th Cir. 1996); *United States v. Peete*, 919 F.2d 1168, 1179 (6th Cir. 1990).

Although defense counsel in this case raised a challenge under *Batson*, he eventually conceded that he could not prevail on that point because the struck venire person, Juror No. 56, would not have been seated as an actual juror in any event (Trial Tr., ECF No. 108, PageID 714). That is to say, given the way voir dire was conducted by Judge Dlott, the peremptory challenge to strike Juror No. 56 did not have the effect of excluding an African-American from the jury; he would not have been seated even if the defense had used all of its remaining peremptory challenges. Given that concession, Judge Dlott did not rule on the *Batson* challenge because it had been withdrawn.

Because whatever *Batson* violation that might have occurred was fully addressed on the record in the trial court, any claimed error of that nature was required to be raised on direct appeal or be forfeited. *United States v. Frady*, 456 U.S. 152 (1982). This claim was not raised on direct appeal and is therefore procedurally defaulted unless Mr. Napier can show cause and prejudice to excuse that default. *Wainwright v. Sykes*, 433 U.S. 72 (1977). Napier argues that his appellate counsel provided ineffective assistance when he did not raise this claim.

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins*, 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance*, 556 U.S. 111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable

5

>professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

>The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218.

A criminal defendant is entitled to effective assistance of counsel on appeal as well as at trial, counsel who acts as an advocate rather than merely as a friend of the court. *Evitts v. Lucey*, 469 U.S. 387 (1985); *Penson v. Ohio*, 488 U.S. 75 (1988); *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008). The *Strickland* test applies to appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776 (1987). To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to raise. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), *citing Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id.*, *citing Wilson.*

The appellate attorney need not advance every argument, regardless of merit, urged by the appellant. *Jones v. Barnes*, 463 U.S. 745, 751-752 (1983)("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues.") Effective appellate

advocacy is rarely characterized by presenting every non-frivolous argument which can be made. *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003); *Williams v. Bagley*, 380 F.3d 932, 971 (6th Cir. 2004), *cert. denied,* 544 U.S. 1003 (2005); see *Smith v. Murray*, 477 U.S. 527 (1986). However, failure to raise an issue can amount to ineffective assistance. *McFarland v. Yukins*, 356 F.3d 688 (6th Cir. 2004), *citing Joshua v. Dewitt*, 341 F.3d 430, 441 (6th Cir. 2003); *Lucas v. O'Dea*, 179 F.3d 412, 419 (6th Cir. 1999); and *Mapes v. Coyle*, 171 F.3d 408, 427-29 (6th Cir. 1999). Counsel can be ineffective by failing to raise a "dead-bang winner," defined as an issue which is obvious from the trial record and which would have resulted in a reversal on appeal, even if counsel raised other strong but unsuccessful claims. *Mapes*, *supra*, *citing Banks v. Reynolds*, 54 F.3d 1508, 1515 n. 13 (10th Cir. 1995); see also *Page v. United States*, 884 F. 2d 300, 302 (7th Cir. 1989).

"In order to succeed on a claim of ineffective assistance of appellate counsel, a petitioner must show errors so serious that counsel was scarcely functioning as counsel at all and that those errors undermine the reliability of the defendant's convictions." *McMeans v. Brigano*, 228 F.3d 674 (6th Cir. 2000), *citing Strickland* and *Rust v. Zent*, 17 F.3d 155, 161-62 (6th Cir. 1994). "Counsel's performance is strongly presumed to be effective." *McFarland*, *quoting Scott v. Mitchell*, 209 F.3d 854, 880 (6th Cir. 2000)(*citing Strickland*). "To prevail on a claim of ineffective assistance of appellate counsel, a petitioner must show that appellate counsel ignored issues [which] are clearly stronger than those presented." *Webb v. Mitchell*, 586 F.3d 383, 399 (6th Cir, 2009); *Smith v. Robbins*, 528 U.S. 259, 288 (2000), *quoting Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986).

In this case it was not ineffective assistance of appellate counsel to fail to raise the *Batson* claim. Trial counsel, who is an experience Federal Public Defender, conceded that there was no

7

viable *Batson* claim since the Court would never have reach Juror No. 56 anyway. By making the concession when he did, defense counsel cut off the *Batson* analysis which Judge Dlott would have had to complete, so that appellate counsel was left with nothing to work with. Mr. Napier has presented absolutely no authority for the proposition that it constitutes a *Batson* violation to exclude someone who would never have been called in any event.

Mr. Napier's First Ground for Relief should therefore be dismissed with prejudice.

**Ground Two: Prosecutorial Misconduct**

In his Second Ground for Relief, Napier claims the United States attorney violated his due process rights by not correcting an inconsistency in the evidence. He asserts that an expert witness from

> Fox News 19 testified that a video was made on November 9 when, in fact, and according to sworn testimony of government's witness, Laura Schiele, Petitioner and Schiele did not reside at the address claimed by the government and its expert witness, Fox News, to have been used for the making of the video until November 12, 2009.

As a reference, Napier refers to trial transcripts for days 3 and 11 of the trial, but the trial did not last eleven days. But even assuming there was an inconsistency in the testimony, this does not show any due process violation. If the government could prevail at a criminal trial only if they presented a perfectly coherent and consistent narrative, few convictions could be won. Courts routinely instruct juries that inconsistencies even within the testimony of one witness may or may not be significant.

Of course the government may not present knowingly perjured testimony. *Napue v. Illinois*, 360 U.S. 264, 269 (1959). But there is no showing that that is what occurred here.

Apart from the merits of this claim, Napier forfeited the claim by not raising it on direct appeal. *Frady*, *supra*.

Ground Two is without merit and should be dismissed with prejudice.

**Ground Three: Ineffective Assistance of Appellate Counsel**

In his Third Ground for Relief, Napier asserts he received ineffective assistance of appellate counsel when counsel failed to raise several meritorious issues that were preserve for appeal. One of those issues, the *Batson* claim, has been dealt with above. Napier does not articulate any other ineffective assistance of appellate counsel claims in his Motion or Reply.

Ground Three should therefore be dismissed with prejudice.

**Ground Four: Failure to Declare a Mistrial Over Government Misconduct**

In his Fourth Ground for Relief, Mr. Napier asserts that the jury heard evidence which had been suppressed, but gives no hint of what that testimony was.

Prior to trial but after counsel had been appointed for Mr. Napier in federal court, he was subject to custodial interrogation by state law enforcement officers. Judge Dlott suppressed the results of that interrogation and none of that evidence was presented to the jury. On appeal Napier asserted error in the failure of Judge Dlott to dismiss the indictment upon finding what had happened. The Sixth Circuit concluded after a lengthy discussion, that suppression was the

9

appropriate remedy.  *Napier, supra*, at 343.  If it is this pre-trial failure to dismiss of which Napier is complaining in his Fourth Ground for Relief, the claim is precluded by the Sixth Circuit's decision which constitutes the law of the case which this Court is not empowered to disturb.  If, on the other hand, Napier is talking about some other evidence which was in fact improperly heard by the jury, he has not explained what that testimony was.  Moreover, since the claim depends on the record and was available to raise on direct appeal, it is again barred by procedural default.

**Ground Five:  Denial of Confrontation Rights**

In his Fifth Ground for Relief, Napier claims his rights under the Confrontation Clause were violated when he was not able to cross-examine the author of the manufacturer labels on various devices admitted at trial to prove an interstate commerce nexus for his offense conduct.

Napier attempted to raise this issue as a Confrontation Clause violation on appeal, but the Sixth Circuit found it had not been presented in that fashion at trial and reviewed the claim only for plain error.  *Napier*, *supra*, at 348.  It concluded there was no error because the manufacturer labels, even if hearsay, were non-testimonial statements not barred by the Confrontation Clause. *Id.*  The law of the case doctrine binds this Court to accept that conclusion.

Napier's Fifth Ground for Relief should therefore be dismissed with prejudice.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the § 2255 Motion be DISMISSED WITH PREJUDICE.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

November 7, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).