# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

        Plaintiff,     :     Case No. 1:13-cr-016

                                     District Judge Susan J. Dlott
- vs -                           Magistrate Judge Michael R. Merz

JAMES O. NAPIER,

        Defendant.    :

## DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATIONS

This criminal case is before the Court on Defendant's Motion to Vacate Sentence under 28 U.S.C. § 2255 (ECF No. 124). Upon referral, the Magistrate judge ordered the United States to answer the Motion. After receiving the Answer (ECF No. 132) and Defendant's Reply (ECF No. 137), the Magistrate Judge filed a Report and Recommendations recommending the Motion be dismissed with prejudice ("Report," ECF No. 138). Defendant has now filed Objections to the Report (ECF No. 139). On receipt of objections to a dispositive report and recommendations, the District Court reviews the matter de novo. Fed. R. Civ. P. 72(b)(3).

In his Motion to Vacate, Mr. Napier pleaded five Grounds for Relief (Motion, ECF No. 124). Napier's Objections relate only to the First Ground for Relief, to wit, that he suffered racial discrimination in jury selection prohibited by *Batson v. Kentucky*, 476 U.S. 79 (1986). The

1

Report concluded that, although he initially raised a *Batson* claim, trial counsel eventually conceded there was no violation (Report, ECF No. 138, PageID 2242).  Because a complete record was made on the Batson challenge at trial, any error could have been raised on direct appeal, but was not. *Id.* at PageID 2243.  Mr. Napier sought to excuse this omission by claiming it resulted from ineffective assistance of appellate counsel.  The Report, applying the standard adopted in *Strickland v. Washington*, 466 U.S. 668 (1984), as it applies to appellate counsel, concluded it was not ineffective assistance of appellate counsel to fail to raise an issue which trial counsel had reasonably conceded. *Id.* at PageID 2245-46.  The Report also noted that Mr. Napier had presented no authority on the merits of the *Batson* claim, to wit, that it would have been a constitutional violation to excuse a potential juror who would never have been seated in any event. *Id.* at PageID 2246.

Mr. Napier now objects that "[a]t the time the error was committed nobody knew that the jurer [sic] could not be empaneled for other reasons." (Objections, ECF No. 139, PageID 2250). While that may be true, it is not determinative.  It often happens that mistakes or false steps are made in the pre-trial and trial process which are then corrected and do not affect the final verdict. It is for that reason that courts have the "contemporaneous objection rule" which requires an attorney to object to an error immediately so that it can be corrected.

Mr. Napier also objects that an appellate attorney "cannot be excused for failing to bring a non-frivolous issue to the appeal. .. ." (Objections, ECF No. 139, PageID 2250).  But that is not the test for ineffective assistance of appellate counsel.  There are many possible issues on appeal which fall somewhere between "frivolous" and a "dead-bang winner."  Appellate counsel are ethically obliged not to raise frivolous issues and are ineffective if they fail to raise obvious winners.  But issues in between must be evaluated for their strength – how likely it is that the

issue would have prevailed. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), *citing Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id.*, *citing Wilson.* There is no reasonable probability that including the *Batson* issue would have produced a different result because the issue had been properly conceded at trial.

Accordingly, the Report is ADOPTED and the Motion to Vacate (ECF No. 124) is DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

December 5, 2016.

                                                    _s/Susan J. Dlott_
                                                    Susan J. Dlott
                                                United States District Judge